**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **D.J.K.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-25-857-STE** |
| | ) |
| **FRANK BISIGNANO,** | ) |
| **Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

**I.     PROCEDURAL BACKGROUND**

On January 27, 2023, Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income, alleging that she became disabled on August 25, 2020. (TR. 68, 164-76). "These claims were denied initially on April 21,

2023, and upon reconsideration on August 1, 2023." (TR. 11). Following a March 14, 2024 administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 11-28). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.    THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 405.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 25, 2020, her alleged onset date. (TR. 14). At step two, the ALJ determined Plaintiff suffered from severe disorders involving: anxiety; depression; bipolar disorder; and, post-traumatic stress disorder (PTSD). (TR. 14). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15-16).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC)[1] to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember, and carry out detailed, but not complex instructions; can occasionally interact with co-workers and supervisors, but cannot interact with the public; and, can deal with occasional changes in a routine work setting.

---

[1]  Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

(TR. 17). With this RFC, the ALJ concluded, at step four, that Plaintiff was not disabled because she could perform her past relevant work as a bench grinder (DOT #705.684-010). (TR. 26).

Even so, the ALJ made alternative findings at step five. At the administrative hearing, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 27). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 27). The ALJ then adopted the VE's testimony and concluded that during the relevant period, Plaintiff was not disabled at step five based on her ability to perform the identified jobs. (TR. 28).

## III.   ISSUES PRESENTED

On appeal, Plaintiff challenges the ALJ's step-three findings and argues that the ALJ failed to account for "the combination of [Plaintiff's] medically determinable impairments" in formulating the RFC at step four. (ECF No. 9:1-2).[2]

---

[2] In her reply, Plaintiff argues that the ALJ committed error at step one by failing to acknowledge that Plaintiff separated from employment "because of poor performance . . . . due to the disability at hand." (ECF Nos. 22:2, 22-2:1). "This Court will not address arguments raised for the first time in a reply brief." *McClure v. Kijakazi*, No. CIV-22-548-P, 2023 WL 4401101, at *7 (W.D. Okla. July 7, 2023) (collecting cases). In any event, "[b]ecause the ALJ proceeded past step one to determine whether or not Plaintiff was disabled, any error in the ALJ's step one determination is harmless." *Dickison v. Colvin*, No. CIV-13-1022-F, 2014 WL 4418117, at *4 (W.D. Okla. Sept. 8, 2014); *see Amy L. C. v. Kijakazi*, No. 20-CV-00350-SH, 2022 WL 4009509, at *4 (N.D. Okla. Sept. 2, 2022).

## IV.    STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted).

Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified). "Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation modified). While the court considers whether the ALJ followed the applicable rules of law in weighing evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (citation modified). Nevertheless, the Court must reverse decisions if the ALJ has simply picked out and relied on evidence that supports her conclusion without discussing relevant evidence to the contrary.

## V.    STEP THREE

Plaintiff alleges the ALJ committed legal error at step three in the consideration of her mental impairments. (ECF No. 9:13-18). The Court disagrees.

## A.   Criteria at Step Three

At step three, the ALJ must determine whether the claimant's impairment is "equivalent to one of a number of listed impairments that the Secretary acknowledged as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). If this standard is met, the claimant is considered per se disabled. *Knipe v. Heckler*, 755 F.2d 141, 146 (10th Cir. 1985). The question of whether a claimant meets or equals a listed impairment is strictly a medical determination. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); 20 C.F.R. §§ 404.1525(c)(3)-(4), 404.1526(b), 416.925(c)(3)-(4), 416.926(b). "The claimant has the burden at step three of demonstrating, through medical evidence, that his impairments "meet *all* of the specified medical criteria" contained in a particular listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*.

Once the claimant has produced such evidence, the burden is on the ALJ to identify and discuss any relevant listings. *Fischer-Ross*, 431 F.3d at 733 n.3. In doing so, the ALJ must weigh the evidence and make specific findings to support the step three determination. *Clifton*, 79 F.3d at 1009.

## B.   The ALJ's Step Three Findings

At step three, the ALJ considered Listings 12.04 (depressive, bipolar, or related disorders); 12.06 (anxiety or obsessive-compulsive disorder); and 12.15 (trauma and stressor-related disorders) in considering whether Plaintiff's mental impairments met or

equaled a listing. (TR. 15-17). In doing so, the ALJ considered hearing testimony and function reports from Plaintiff and her sister, and Plaintiff's medical records, including "multiple mental status exams" which revealed "normal (intact memory)[,]" "appropriate grooming and hygiene, no problem getting along well with providers and staff, and no problems with temper control." (TR. 15-16). The ALJ also considered treatment records from Grand Mental Health Center which she received after the hearing, and notified Plaintiff of her "right to submit any written comments, written statements, and additional records in response[,]" along with the "right to request a supplemental hearing[,]" and Plaintiff did not respond. (TR. 11). Because Plaintiff's mental impairments did not cause at least two marked limitations or one extreme limitation, the ALJ determined that Plaintiff's mental impairments did not satisfy the "paragraph B" criteria.[3] (TR. 16). The ALJ also considered the "paragraph C" criteria, and found that "the evidence fails to show that the [Plaintiff] has achieved only marginal adjustment." (TR. 16). The ALJ thus determined the "paragraph C" criteria were not met in this case. (TR. 16). Accordingly, the ALJ concluded Plaintiff's mental impairments did not meet or equal a listing.

---

[3]  The "paragraph B" criteria ask whether a claimant can "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)(2)(b). Notably, two state agency psychological consultants concluded that Plaintiff had no more than mild limitations in these criteria. (TR. 70-71, 83-84).

### C.   The ALJ's Findings Were Supported by Substantial Evidence

"To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007). Additionally, "[i]t is beyond dispute that the burden to prove disability in a social security case is on the claimant." *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997); *see Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987) (stating that the claimant bears the burden at steps one through four of the sequential evaluation to establish a disability). Plaintiff has not pointed to any evidence that establishes that particular, relevant factors were ignored by the ALJ. Moreover, the ALJ's confirmed findings at other steps of his analysis, coupled with "indisputable aspects of the medical record," conclusively preclude Plaintiff's qualification under the listings at step three. *Fischer-Ross*, 431 F.3d at 735; *see Walters v. Colvin*, 604 F. App'x 643, 647 (10th Cir. 2015). Accordingly, the court finds no error as to this issue.

## VI.   THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that "[t]he combination of my depression, anxiety, and thyroid disease results in a [RFC] that is incompatible with the demands of sustained, full-time employment." (ECF No. 9:2). At step two of the sequential process, the ALJ found Plaintiff suffered from severe impairments of anxiety, depression, bipolar disorder, and PTSD. (TR. 14). The ALJ also found "evidence in the medical record of impairments that are non-severe[,] . . . . includ[ing] non-severe hypothyroidism, hypertension, and obesity[.]"

(*Id.*). She further found these impairments do not cause "more than a minimal limitation" in Plaintiff's ability to perform basic work activities. (TR. 15).

In formulating Plaintiff's RFC, the ALJ noted function reports from Plaintiff and her sister and Plaintiff's hearing testimony function report describing limitations in Plaintiff's "capacity for memory, completing tasks, concentration, understanding, following instructions, getting along with others, and handling stress or changes in routine[.]" (TR. 17-19). However, the record before the ALJ also included evidence that Plaintiff "can follow spoken instructions 'well', and follow written instructions 'very well[,]'" "independently manage finances without significant difficulty[,]" "do[] 'schoolwork' on a 'daily' basis," has hobbies and interests, drive a car, prepare meals and "follow a simple recipe, shop[] for items she needs albeit using a list," perform household chores with help or encouragement, take care of her son and a pet cat, and spend time with family. (*Id.*). The ALJ also thoroughly reviewed plaintiff's medical records and a psychology consultative evaluation and thoroughly explained her conclusion that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (TR. 19-26). The ALJ therefore assigned an RFC of:

> a full range of work at all exertional levels but with the following non-exertional limitations: can understand, remember, and carry out detailed, but not complex instructions; can occasionally interact with co-workers and supervisors, but cannot interact with the public; and, can deal with occasional changes in a routine work setting.

(TR. 17).

Plaintiff argues the ALJ failed to adequately consider her non-severe impairments in determining the RFC. (ECF No. 9:1-2). In *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), the Tenth Circuit discussed the regulatory directives that require an independent step-four assessment of impairments found medically determinable but non-severe at step two. In doing so, the Court stated, "[A] conclusion that the claimant's . . . impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id*. at 1068–69. Rather, "[i]n [her] RFC assessment, the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Id*. at 1069. Likewise, Social Security Ruling 96–8p states that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96–8p, 1996 WL 374184, at *7. In doing so, the ALJ's decision must be sufficiently articulated so that it is capable of meaningful review. *Spicer v. Barnhart*, 64 F. App'x 173, 177–78 (10th Cir. 2003).

The ALJ did not disregard Plaintiff's allegations of her limitations in memory, concentration, following instructions, getting along well with others, and handling stress or changes in routine. Instead, the ALJ took Plaintiff's statements into account by limiting Plaintiff to detailed but not complex instructions, occasional interaction with co-workers and supervisors but not the public, and occasional changes in a routine work setting. (TR. 17). Plaintiff fails to explain how her own selective discussion of the evidence supports further limitations than those the ALJ included in the RFC. "The record must demonstrate

that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton*, 79 F.3d at 1009-10. The Court rejects Plaintiff's relatively general argument that the record supported greater limitations as nothing more than an attempt to re-weigh the evidence in her favor, which the Court cannot do. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). Accordingly, the court finds no error in the RFC.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on May 28, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE